

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~JOHN REEVES CHILDREN~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. A. T. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Opinion No. O-7195
Re: May the Mills County School Board,
on its own motion, or on request of the
Board of Trustees of Independent Dis-
trict "A", consolidate the entire Common
School District "B" and parts of Common
School Districts "C" and "D" with Inde-
pendent School District "A"? And a re-
lated question.

Dear Sir:

    We are in receipt of your letter of July 2, 1946,
reading as follows:

    "Independent School District 'A' has an area of
approximately 120 square miles, an assessed valuation
of $1,244,000.00, a scholastic population of approxi-
mately 500 scholastics, and a total tax rate of $1.00
on the $100.00 valuation. Common School District 'B'
has an area of 12.8 square miles, an assessed valua-
tion of $72,435.00, a scholastic population of approxi-
mately 20 scholastics, and a total tax rate of fifty
cents on the $100.00 valuation. Common School District
'C' has an area of 12 square miles, a valuation of
$83,515.00, a scholastic population of approximately
30 scholastics, and a tax rate of $1.00. Common School
District 'D' has an area of 33.5 square miles, an assess-
ed valuation of $200,785.00, approximately 70 scholas-
tics, and a total tax rate of seventy-five cents.

    "May the County School Board, on its own motion or
on request of the Board of Trustees of Independent Dis-
trict 'A' consolidate the entire Common School District
'B' and parts of Common School Districts 'C' and 'D' with
Independent School District 'A'?

    "If answer to above question is 'No', under what
conditions may the County Board annex Common School
District 'B' and parts of Common School Districts 'C'
and 'D' to Independent District 'A'?

    "All of these districts are contiguous to one an-
other and might be included in one boundary line."

    If, as might be inferred from your letter, you have
reference to a grouping of the named districts to form a rural
high school district then the procedure would be as set out in
Articles 2922a and 2922c, V.A.C.S. However, from your use of

the word "consolidation" and the general context of your letter, we do not believe that the formation of a rural high school district prompted your inquiries. Proceeding upon this assumption we answer your questions as follows:

First, dealing with the consolidation of Independent School District "A" and Common School District "B", you are advised that the County Board of School Trustees cannot by mere executive order create such district but must follow the procedure set out in Article 2806, V.A.C.S., as amended in 1945, which, among other things, requires an election in each of the districts proposed to be consolidated. Lower Common School District No. 66 v. County School Trustees of Navarro County, 112 Tex. 501, 248 S. W. 1062; County Board of School Trustees of Limestone County v. Wilson, (Tex. Civ. App.), 5 S. W. (2d) 805; See also our previous Opinions Nos. O-502 and O-2994.

With reference to detaching portions of Common School Districts "C" and "D" and annexing same to Independent School District "A", this question together with the procedure to be used, has been fully and exhaustively discussed in our recent Opinion No. O-6868, a copy of which we attach.

Trusting the above fully answers your inquiry, we are

APPROVED JUL 22, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:          BWB, CHAIRMAN

WE:fb:wb

Enclosure

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Woodrow Edwards
Woodrow Edwards, Assistant